IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Lee Ann Campbell,                  :

    Plaintiff,                 :

  v.                                 :    Case No. 2:04-cv-0339

Washington County Public           :    MAGISTRATE JUDGE KEMP
Library, et al.,
                                   :
    Defendants.

OPINION AND ORDER

    This matter is before the Court on plaintiff Lee Ann Campbell's motion for reconsideration. For the following reasons, the motion for reconsideration will be denied.

I.

    On September 8, 2006, this Court issued an Opinion and Order denying Ms. Campbell's motion for partial summary judgment and granting the summary judgment motion of defendants Washington County Public Library Board of Trustees, Larry Nash White, Kathryn Piekarski, and Doug Unsold (collectively known as the "library defendants"). On September 15, 2006, Ms. Campbell filed the motion to reconsider. Subsequently, Ms. Campbell sought new counsel and then filed a notice of appeal on October 6, 2006. Procedurally, pursuant to Fed.App.R. 4(a)(4)(A) and 4(a)(4)(B)(I), this Court retains jurisdiction until the Court enters a judgment on the motion to reconsider. <u>Futernick v. Sumpter Township</u>, 207 F.3d 305, 310 n.4 (6th Cir.2000).

II.

    Ms. Campbell's motion for reconsideration was filed within ten days of this Court's Opinion and Order denying her motion for summary judgment. Therefore, this Court will evaluate the motion

for reconsideration under the guidelines established in Fed.R.Civ.P. 59(e).

As the Court of Appeals stated, Rule 59(e) motions may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. GenCorp, Inc., v. American Int'l Underwriters, 178 F.3d 804, 834 (6th Cir.1999). Rule 59(e) motions are aimed at reconsideration, not initial consideration of an issue, and parties should not use them to raise issues or arguments that could have been raised before judgment was issued. Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 375 (6th Cir.1998)(citing F.D.I.C. v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir.1992)).

III.

Preliminarily, this Court notes that Ms. Campbell takes issue with the Court's statement that "some of Ms. Campbell's argument is supported by evidence outside the record ... the questions Ms. Campbell asked at the interview ... are not in the record." (Motion for Reconsideration (doc. #54) at p. 6 (citing Opinion and Order at p. 32 (doc. #48))).  This statement was made in the context of a review of Ms. Campbell's claim that she did (contrary to the library defendants' assertion) use a set of questions provided to her by Dr. White in an interview process. Ms. Campbell contends that the Court failed to review the interview questions in the record when ruling on the motions for summary judgment. Although the depositions indicate that the alleged interview questions were attached to certain depositions in the record as exhibits, those exhibits were not  filed.  Therefore, contrary to Ms. Campbell's contentions, the interview questions are not part of the record.  Further, in her motion, Ms. Campbell also refers to additional exhibits to bolster her argument that the Court erred in ruling on the motions for summary judgment.  Like the interview questions, however, the exhibits that Ms. Campbell refer to are

2

also not in the record.

The Court also notes that Ms. Campbell has now filed Ethan Frank-Collins' deposition. As Ms. Campbell notes, Mr. Frank-Collins' deposition was not part of the record prior to this Court's ruling on the summary judgment motions. Ms. Campbell requests this Court to reconsider the rulings on the motions for summary judgment in light of Mr. Frank-Collins' testimony. Because Mr. Frank-Collins' deposition was not part of the record prior to this Court's rulings on the motions for summary judgment, however, and because no valid reason has been advanced for the prior failure to file the deposition, the Court rejects Ms. Campbell's request. Moreover, the Court will not evaluate Mr. Frank-Collins' deposition or any associated exhibits when ruling on the motion to reconsider.

IV.

The Court now turns to the substance of Ms. Campbell's argument in her motion for reconsideration. Ms. Campbell contends that this Court erred in concluding that there were no genuine issues of material fact regarding whether the library defendants' reason for Ms. Campbell's discharge was a pretext for discrimination. Specifically, Ms. Campbell argues that

> [t]he Court relies heavily on the Defendants' assertion that her discipline - a two-week suspension (after which time she was laid off) - was warranted, at least, in part, by "Ms. Campbell's remarks about Ms. Downer, which testimony has not been refuted by Ms. Campbell." Ms. Campbell made a single electronic mail transmission to Defendant Larry Nash White that he needed to know that an applicant would "fall under [the] ADA" (the Americans with Disabilities Act) in order to make certain that he followed all procedures to ensure fairness in hiring. She did not make "inappropriate remarks about the potential employees...[or] comments to other library employees about a potential employee, Crystal Downer..." as found by the Court at Page 6 of the Opinion and Order. There is no

3

> evidence of any other comments by Ms. Campbell about Ms. Downer to anyone, other than a mere reference to the fact that she made an inquiry concerning Ms. Downer's condition and abilities to another Library supervisor, Carol Kulich.  It is not clear what evidence of specific remarks upon which the Court relies, but reference is made to "Ms. Starr's and Dr. White's deposition testimony regarding Ms. Campbell's remarks about Ms. Downer."

(Motion for Reconsideration (doc. #54) at p. 3 (internal citations omitted).)

In reviewing Ms. Campbell's arguments in light of the standards associated with a Rule 59(e) motion, the Court recognizes that this is not a situation where new evidence is discovered or that there is an intervening change in controlling law.  Thus, the Court should grant Ms. Campbell's motion to reconsider only if there is a clear error of law or to prevent a manifest injustice.

In reviewing cases from the Court of Appeals, granting a Rule 59(e) motion under the premises of manifest injustice or a clear error of law requires unique circumstances, such as injunctive relief scenarios or superseding factual scenarios, both of which are not present in this case.  See, e.g., Davis by Davis v. Jellico Comm. Hosp. Inc., 912 F.2d 129, 133 (6th Cir.1999)(no manifest injustice when trial court refused to reexamine the issue of damages in a jury verdict when plaintiff died after jury verdict was reached); Collison v. Int'l Chem. Workers Union, Local 217, 34 F.3d 233, 236 (4th Cir.1994)(clear error of law because the district court failed to address a due process claim); Hayes v. Douglas Dynamic, Inc., 8 F.3d 88, 90 n.3 (1st. Cir.1993)(motion to reconsider presented no new information); accord, GenCorp, Inc., 178 F.3d at 834.  Based on Ms. Campbell's arguments, it is obvious that Ms. Campbell's arguments and requests fall outside the reach of Rule 59(e).  As the appellate court noted, this is a motion to *reconsider*, not a motion to *reevaluate* Ms. Campbell's motion for

4

summary judgment.

Despite the fact that this case does not fall within the purview of Rule 59(e), however, were the Court to consider the merits of her arguments, the Court would still deny relief. As the Court noted in the Opinion and Order, there is substantial evidence, none of which is denied by Ms. Campbell, indicating that Ms. Campbell engaged in a series of behaviors, which included her actions toward the ADA applicant, the failure to use the requisite interview questions, her alleged defamatory remarks about potential applicants, and her adamant rejection of Justin Mayo. (Opinion and Order at pp. 23-35.) Based on these actions, the Court concluded that the library defendants' decision not to retain Ms. Campbell after the reorganization was not a pretext for discrimination. (Id.)

Without reprinting the Court's entire Opinion and Order regarding Ms. Campbell's conduct and how those actions prove that the library defendants' decision to dismiss Ms. Campbell was not a pretext for discrimination, the Court highlights some examples of why there was no "pretext" for discrimination.

First, as the Court noted, *supra*, the interview questions are not in the record. Thus, the only relevant evidence or testimony in the record regarding the impermissible use of the interview questions, which the library defendants claim is evidence of insubordination, was Dr. White's testimony. As Dr. White noted, against his affirmative instructions, Ms. Campbell failed to use the proper interview questions when evaluating applicants. (Opinion and Order at pp. 29-30, 32.)

Second, the Court highlighted Ms. Campbell's conduct regarding the ADA applicant, Ms. Downer. In Ms. Campbell's motion for reconsideration, Ms. Campbell argues that the Court erred when interpreting Ms. Starr's and Dr. White's testimony. This Court notes, however, that Ms. Campbell does not rebut this testimony

5

because, for a reason unknown to the Court, Ms. Campbell's deposition testimony is not in the record. The only sworn assertions by Ms. Campbell were in an affidavit, and that affidavit does not rebut Ms. Starr's and Dr. White's allegations. Accordingly, the Court relied on testimony in the record, which, in this case, was Dr. White's and Ms. Starr's.

When reviewing Ms. Starr's and Dr. White's testimony, the evidence is clear that Ms. Campbell wished to exclude Ms. Downer because she could potentially be covered under the ADA. (Opinion and Order at pp. 27-28, 32-34.) Despite the fact that Ms. Campbell contends that Ms. Starr's and Dr. White's opinions were "impressions" or "remarks," (Motion for Reconsideration at p. 4), this is the only testimony in the record that is relevant to this subject. Thus, the Court properly used that testimony in evaluating the motions for summary judgment.

The Court also notes other examples that contradict Ms. Campbell's assertion that the Court erred in concluding that Ms. Campbell's termination was not a pretext for discrimination. Primarily, the Court highlights Ms. Campbell's probationary period resulting from Ms. Campbell's conduct as well as Ms. Campbell's actions surrounding the interviewing and hiring of Justin Mayo. (Opinion and Order at pp. 23-27.) In particular, the Court cites Ms. Campbell's alleged defamatory remarks about Mr. Mayo and her fabricated conversations with other library personnel regarding Mr. Mayo as a "problematic employee." (Id.)

In sum, the library defendants highlighted several examples of why Ms. Campbell was not offered a position at the library after restructuring. In reviewing these examples, Ms. Campbell has failed to contradict the library defendants' assertion with factual evidence. The only evidence in the record that supports Ms. Campbell's assertions is simply a general denial, which under the summary judgment standard is insufficient. Fed.R.Civ.P. 56(e).

Ms. Campbell had the opportunity to support her claim of pretext with admissible evidence but failed to do so. The Court relied on the evidence in the record, and that evidence supports the Court's conclusion that there are no genuine issues of material fact regarding whether the library defendants violated Ms. Campbell's FMLA rights.

V.

For the foregoing reasons, Ms. Campbell's motion for reconsideration (doc. # 54) is DENIED.

/s/ Terence P. Kemp
United States Magistrate Judge